IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TIMOTHY LAVERN BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 113-103 |
| | ) | |
| DONALD BARROW, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **FINDS** that Petitioner has filed a second application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* ("IFP") be **DENIED AS MOOT** (doc. no. 2), that this case be **DISMISSED**, and that this civil action be **CLOSED**.

I.  **BACKGROUND**

In the instant § 2254 petition, Petitioner attempts to challenge his convictions for rape, child molestation, enticing a child for indecent purposes, false imprisonment, and aggravated child molestation, which were entered following a jury trial in the Superior Court

of Columbia County, Georgia, in February of 2002. (Doc. no. 1, pp. 2-3.) Petitioner states that the trial court sentenced him to life in prison plus forty years, and that the Georgia Court of Appeals denied his direct appeal on August 16, 2007. (Id. at 3.)

Although Petitioner does not mention having filed a state habeas corpus petition, the Court is aware from Petitioner's previous filings that he indeed filed such a petition in the Superior Court of Gwinnett County on October 29, 2007, alleging various counts of ineffective assistance of trial counsel.[1] See Brown v. Toole, CV 110-129, doc. no. 20, p. 3 (S.D. Ga. June 29, 2011) (hereinafter "CV 110-129"). On April 12, 2010, the Superior Court of Gwinnett County denied Petitioner's state habeas corpus claims, and on September 7, 2010, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal. Id.

Petitioner then proceeded to file his first § 2254 petition, which was dated September 20, 2010, and filed by the Clerk of Court on September 24, 2010. Id., doc. no. 1. Therein, Petitioner attempted to attack the same convictions at issue here, claiming that the prosecution unconstitutionally failed to disclose favorable evidence at trial, that his conviction was obtained pursuant to a violation of his protection against double jeopardy, that his conviction was obtained by action of an unconstitutionally selected grand jury, and that he was denied effective assistance of trial counsel. See id. at 7. On June 29, 2011, this Court conducted a review of the petition, finding that a number of his claims were procedurally defaulted and that his other arguments provided no basis for federal habeas

---

[1] Exercising its discretion to take judicial notice of its own records, see United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987), the Court derives information concerning Petitioner's filing history from Petitioner's previous filings with this Court.

2

relief or were otherwise without merit. Id., doc. no. 20. United States District Judge J. Randal Hall adopted this Court's recommendation as the opinion of the District Court and dismissed that case. Id., doc. no. 26. Petitioner attempted to appeal the dismissal of his first § 2254 petition, which the Eleventh Circuit Court of Appeals dismissed for lack of jurisdiction due to his having filed it prematurely. Id., doc. nos. 23, 32.

Petitioner next filed the instant § 2254 petition, which is now before the Court for initial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[2] In his current petition, Petitioner again argues that the prosecution unconstitutionally failed to disclose favorable evidence at trial and that he was denied effective assistance of trial counsel, and he adds new claims concerning alleged due process violations, trial court error in charging the jury concerning his rape count, improper evidence, prosecutorial misconduct, and newly discovered DNA evidence. (Doc. no. 1, pp. 6-8.)

## II. DISCUSSION

Within this Court's records is Petitioner's previous petition for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, this Court's Report and Recommendation ("R&R") addressing Petitioner's previous petition, and Judge Hall's Order adopting that

---

[2]In pertinent part, this Rule states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases.

R&R as the opinion of the Court. CV 110-129, doc. nos. 1, 20, 26. Pursuant to the Court's power to take judicial notice of its own records, the Court **FINDS** that Petitioner has filed a prior application for a federal writ of habeas corpus, thereby making the current application the second such petition he has filed in this Court.

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[3] Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second

---

[3]Section 2244 is applicable to § 2254 applications by virtue of the following provisions of § 2244:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

or successive [habeas corpus] application...." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*). Here, Petitioner does not state that he has either sought or been granted permission to file a second or successive § 2254 petition in this Court. Without authorization from the Eleventh Circuit Court of Appeals, this Court cannot consider Petitioner's claims. See id. ("Instead of filing a pleading in the district court attempting to evade the provisions of 28 U.S.C. § 2244(b), as amended, [Petitioner] should have begun by filing in this Court [the Eleventh Circuit Court of Appeals] an application seeking a certificate permitting him to file a second application in the district court, as required by § 2244(b)(3)(A). Because [Petitioner] did not obtain such a certificate, the district court correctly dismissed his habeas application....").

Petitioner has not stated that he has received permission from the Eleventh Circuit Court of Appeals to file a second or successive application for a writ of habeas corpus, and this Court has received no authorization to address an application such as the instant one. As a result, this Court lacks authority to address Petitioner's application.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **FINDS** that Petitioner has filed a second application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS**

and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of June, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE